HEATHER E. WILLIAMS, #122664
Federal Defender
NOA E. OREN, #297100
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
noa_oren@fd.org

Attorney for Defendant
OSVALDO HERNANDEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:16-cr-067-JAM |
| Plaintiff, | STIPULATION AND ORDER TO MODIFY SPECIAL CONDITIONS OF RELEASE |
| vs. | Judge: Hon. Kendall J. Newman |
| OSVALDO HERNANDEZ, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED between plaintiff, United States of America, and defendant Osvaldo Hernandez, through their respective attorneys, that release conditions #14 and #15 imposed on Mr. Hernandez on March 18, 2016 (Dckt. 29), will be removed.  Mr. Hernandez will no longer be required to participate in a location-monitoring program and he will no longer be subject to curfew.

Pretrial services approves the removal of the location monitoring condition and curfew conditions.  All other conditions shall remain in force.  A copy of Mr. Hernandez's conditions with the requested modifications are attached as *Exhibit A*.

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  December 2, 2016          HEATHER E. WILLIAMS
                                  Federal Defender

                                  */s/ Noa Oren*
                                  NOA E. OREN
                                  Assistant Federal Defender
                                  Attorney for Defendant

Dated: December 2, 2016           PHILLIP A. TALBERT
                                  United States Attorney

                                  */s/ Ross Naughton*
                                  ROSS NAUGHTON
                                  Assistant U.S. Attorney
                                  Attorney for Plaintiff

1

ORDER

2         IT IS HEREBY ORDERED, the Court, having received, read, and considered the parties'

3    stipulation, that release condition #14 and #15 imposed on Mr. Hernandez on March 18, 2016

4    (Dckt. 29), will be removed such that Mr. Hernandez will no longer be required to participate in

5    a location-monitoring program and will no longer be subject to a curfew.

6         All other conditions shall remain in force.

7    Dated:  December 2, 2016

8

9    _____
     KENDALL J. NEWMAN
10   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

## SECOND AMENDED SPECIAL CONDITIONS OF RELEASE

Re: Hernandez, Osvaldo
No.: 2:16-CR-00067-JAM-1
Date: December 1, 2016

1. You shall report to and comply with the rules and regulations of the Pretrial Services Agency;

2. You are to reside at a location approved by the pretrial services officer and not move or absent yourself from this residence for more than 24 hours without the prior approval of the pretrial services officer;

3. You shall cooperate in the collection of a DNA sample;

4. Your travel is restricted to the Eastern District of California unless otherwise approved in advance by the pretrial services officer;

5. You shall surrender your passport to the Clerk, U. S. District Court, and obtain no passport during the pendency of this case;

6. You shall not possess a firearm/ammunition, destructive device, or other dangerous weapon; additionally, you shall provide written proof of divestment of all firearms/ammunition currently under your control;

7. You shall seek and/or maintain employment and provide proof of same as requested by your pretrial services officer;

8. You shall refrain from **any** use of alcohol or any use of a narcotic drug or other controlled substance without a prescription by a licensed medical practitioner; and you shall notify Pretrial Services immediately of any prescribed medication(s). However, medicinal marijuana, prescribed or not, may not be used;

9. You shall submit to drug and alcohol testing as approved by the pretrial services officer. You shall pay all or part of the costs of the testing services based upon your ability to pay, as determined by the pretrial services officer;

10. You shall participate in a program of medical or psychiatric treatment, including treatment for drug or alcohol dependency, as approved by the pretrial services officer. You shall pay all or part of the costs of the counseling services based upon your ability to pay, as determined by the pretrial services officer;

11. You shall not associate or have any contact with co-defendants unless in the presence of counsel or otherwise approved in advance by the pretrial services officer; and,

12. You shall report any contact with law enforcement to your pretrial services officer within 24 hours.